### H. A. OLIVER v. WILTS VENEER COMPANY.

(Filed 22 September, 1920.)

**Evidence—Questions for Jury—Instructions.**

> In this action to recover damages for the alleged negligence of his employer in causing an employee a personal injury, it is held that the case was properly submitted to the jury, under correct instructions, and defendants' exceptions to the evidence were without merit.

APPEAL from *Lyon, J.,* and a jury, at April Term, 1920, of WASHINGTON. From judgment for plaintiff, the defendant appealed.

The following are the issues passed on by the jury:

"1. Was plaintiff, H. A. Oliver, injured by the negligence of defendant, Wilts Veneer Company, as alleged in the complaint? Answer: 'Yes.'

"2. Did plaintiff, by his own negligence, contribute to his injury, as alleged by defendant? Answer: 'No.'

"3. Did plaintiff, H. A. Oliver, execute the release, as alleged by the defendant, Wilts Veneer Company? Answer: 'No.' "

The jury assessed plaintiff's damages at $6,000.

From the judgment rendered the defendant appealed.

*Majette & Whitley for plaintiff.*

*Z. V. Norman and Small, MacLean, Bragaw & Rodman for defendant.*

PER CURIAM. The plaintiff was injured while wiping oil off a shaft in the veneer plant of defendant, the sleeve of his jumper catching in the cogs, causing his arm to be drawn between the cogs and severely mashed.

The motion to nonsuit was properly overruled, there being abundant evidence justifying his Honor in submitting the issues to the jury.

There are 56 assignments of error, 39 of them being to the evidence and the remainder to the charge. We think that there is no merit in the exceptions to the evidence, and that, taking the charge as a whole, it is a full, clear, and fair presentation of the issues to the jury.